PROB 12C
(06/17)

May 30, 2024
pacts id 2567563

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Octavio Gutierrez (Spanish)     **Dkt. No.:** 21CR02648-001-GPC

**Reg. No.:** 57037-298

**Name of Sentencing Judicial Officer:** The Honorable Gonzalo P. Curiel, U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine, a Class C felony.

**Date of Sentence:** December 13, 2021

**Sentence:** 30 months' custody; 3 years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** May 3, 2023

**Asst. U.S. Atty.:** Shauna R. Prewitt     **Defense Counsel:** Nathan M. Feneis, Fed. Def's, Inc. (619) 234-8467

**Prior Violation History:** Yes. See prior court correspondence.

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following conditions of supervision:

| CONDITIONS | ALLEGATIONS OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)** The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. On September 24, and October 1, 2023, Mr. Gutierrez used a controlled substance, methamphetamine, as evidenced by his signed admission to the probation officer on October 4, 2023.<br><br>2. On November 30, 2023, and March 29, April 4 and 8, and May 8, and 21, 2024, Mr. Gutierrez failed to comply with drug testing requirements as instructed by the probation officer, in that he failed to submit urine specimens for drug analysis at the U.S. Probation Office, as required. |
| **(Standard Condition)** The defendant must follow the instructions of the probation officer related to the conditions of supervision. | 3. On December 10, 2023, Mr. Gutierrez used a controlled substance, methamphetamine, as evidenced by his signed admission to the probation officer on December 27, 2023.<br><br>4. On April 22, 2024, Mr. Gutierrez used a controlled substance, marijuana and methamphetamine, as evidenced by his signed admission to the probation officer on April 25, 2024. |

**_Grounds for Revocation:_** As to allegation 1, I received and reviewed the initial screening report from the U.S. Pretrial Laboratory, which confirmed that on September 25, 2023, Mr. Gutierrez submitted a urine sample that screened positive for amphetamines. On October 4, 2023, the undersigned met with Mr. Gutierrez to further address his noncompliance, and he admitted to using methamphetamine on or about September 24, 2023. Mr. Gutierrez subsequently signed a written admission, admitting to the use of methamphetamine on September 24, 2023, and last using on October 1, 2023.

As to allegation 2, I have received and reviewed the Chain of Custody for Drug Analysis forms which confirm that on the above dates, Mr. Gutierrez failed to submit urine samples for drug testing, as required. On May 5, 2023, the probation officer reviewed written instructions for drug testing with Mr. Gutierrez, and he acknowledged receipt of the instructions with his signature. Specifically, Mr. Gutierrez was instructed to call the drug testing line after 8:15PM before each testing day, and report for testing when instructed to do so by the automated recording. Testing days are Monday through Friday.

As to allegation 3, I received and reviewed the initial screening report from the U.S. Pretrial Laboratory, which confirmed that on December 11, 2023, Mr. Gutierrez submitted a urine sample that screened positive for amphetamines. On December 27, 2023, the undersigned met with Mr. Gutierrez to further address his noncompliance, and he admitted to using methamphetamine on or about December 10, 2023, Mr. Gutierrez subsequently signed a written admission, admitting to the use of methamphetamine on December 10, 2023.

As to allegation 4, I received and reviewed the initial screening report from the U.S. Pretrial Laboratory, which confirmed that on April 25, 2024, Mr. Gutierrez submitted a urine sample that screened positive for cannabinoids and amphetamines. On April 25, 2024, the undersigned met with Mr. Gutierrez to further address his noncompliance, and he admitted to using marijuana and methamphetamine on or about April 22, 2024. Mr. Gutierrez subsequently signed a written admission, admitting to the use of marijuana and methamphetamine on April 22, 2024.

**(Special Condition)**
Not enter or reside in the Republic of Mexico without permission of the court or probation officer and comply with both United States and Mexican immigration law requirements.

5. On or about May 16, 19, and 27, 2024, Mr. Gutierrez traveled to the Republic of Mexico without the written permission of the probation officer.

*Grounds for Revocation:* As to allegation 5, on May 29, 2024, the undersigned received information from an Immigration and Customs Enforcement Agent, who confirmed that Mr. Gutierrez entered the United States from Mexico on the above noted dates. It should be noted Mr. Gutierrez traveled to Mexicali, Mexico without permission from the probation officer.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Following his release from custody, Mr. Gutierrez reported to the probation office for further supervision instructions. In addition to advising him of his conditions of supervised release and reviewing his judgement and commitment order, he was instructed to begin drug testing with the U.S. Probation Office. Mr. Gutierrez made it clear that the undersigned would have no issues with him during his term of supervised release. Moreover, he appeared motivated and had secured employment as a field worker. Mr. Gutierrez appeared to be in general compliance.

However, despite his claims to the contrary, Mr. Gutierrez began having problems maintaining sobriety, and shortly thereafter, he relapsed on methamphetamine. When confronted as to his relapse, Mr. Gutierrez was placed in outpatient substance abuse treatment services. Additionally, Mr. Gutierrez was denied travel to Mexico due to issues of non-compliance, coupled with his antisocial peer associations in the Mexico area, increasing his risk factors. The undersigned made numerous attempts to get Mr. Gutierrez back into compliance in working with not only his substance abuse addiction, but his gambling addiction as well.

During an office visit with the undersigned in March 2024, Mr. Gutierrez informed the undersigned that he separated from his wife. He requested permission to reside in Mexico because he had no other residence in the Imperial Valley area. Mr. Gutierrez subsequently proposed living at his mother's address in Mexicali, Mexico. The undersigned was hesitant to allow Mr. Gutierrez to reside in Mexico, but due to the circumstances, there were no alternatives. However, Mr. Gutierrez was advised should he demonstrate issues of noncompliance then residency in Mexico would be rescinded.

After approximately one month of Mr. Gutierrez's supposed move to Mexico, the undersigned observed that his frequency of crossings from Mexico into the United States did not coincide with his daily employment schedule. After further investigation, it was determined Mr. Gutierrez deceived the undersigned and he never in fact moved to Mexico and he never separated from his spouse. Mr. Gutierrez was admonished for his deception and advised

that he would not be permitted to return to Mexico without permission. At one point, Mr. Gutierrez stated he did not care if probation issued a warrant for his arrest because he would just go on the run. Unfortunately, the undersigned's efforts to get Mr. Gutierrez back into compliance were futile and he continues to demonstrate issues of noncompliance as alleged herein. Therefore, based on his continued non-compliance, his overall supervision adjustment can best be described as poor.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Gutierrez is a 33-year-old Hispanic male, who was last residing in El Centro, California. During his term of supervised release, Mr. Gutierrez was employed as a field laborer. He has two prior law enforcement contacts, one for alien smuggling, in which charges were dismissed, and the second for driving without a license.

According to the presentence report, Mr. Gutierrez substance abuse history commenced at the age of 16 with the use of methamphetamine. He was reportedly using methamphetamine daily and last used at the time of the instant offense. At the age of 26 he started using marijuana and reportedly used daily up until his arrest on the instant offense. Mr. Gutierrez admitted to abusing prescription Clonazepam at the age of 27 and was consuming two pills daily.

Mr. Gutierrez denied any prior mental health issues.

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (drug use, failure to appear for drug testing, failure to follow the instructions of the probation officer, and unauthorized travel to Mexico) constitute Grade C violations. USSG §7B1.1(a) (3) (B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

## JUSTIFICATION FOR BENCH WARRANT

Due to Mr. Gutierrez's ongoing abuse of methamphetamine and failure to meet drug testing requirements, he presents a risk to himself and the community. Additionally, there has been a lack of responsiveness to the supervision process. Thus, the issuance of a bench warrant for his arrest appears appropriate, as he poses a risk of flight.

## RECOMMENDATION/JUSTIFICATION

Mr. Gutierrez has been granted several opportunities to demonstrate compliance and was provided with the resources to assist him with his sobriety. Despite the resources afforded to him, he appears unmotivated to regain compliance. He has breached the court's trust and failed to grasp the seriousness of his non-compliant behavior. Mr. Gutierrez made it clear that he does not want to engage in the rehabilitation process and has failed to demonstrate a willingness or desire to change.

Therefore, should Mr. Gutierrez be found in violation as alleged, it is respectfully recommended his supervision be revoked and he be sentenced to 9 months' custody with no supervision to follow as it appears he is not amenable to the rehabilitative process.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: **May 30, 2024**

Respectfully submitted:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by *Amanda Behl*

Amanda Behl
U.S. Probation Officer
(760) 339-4203

Reviewed and approved:

*Kasey M. McCoskery*

Kasey M. McCoskery
Supervisory U.S. Probation Officer

PROB12CW                                                                May 30, 2024

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Gutierrez, Octavio

2. **Docket No.** (Year-Sequence-Defendant No.): 21CR02648-001-GPC

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | Drug use | C |
   | Failure to appear for drug testing | C |
   | Unauthorized travel to Mexico | C |
   | Failure to follow the instructions of the probation officer | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))         [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))               [ I ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))           [ 3 to 9 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   | Restitution ($) | _____ | Community Confinement | _____ |
   | Fine ($) | _____ | Home Detention | _____ |
   | Other | _____ | Intermittent Confinement | _____ |

**THE COURT ORDERS:**

__✓__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____

_____

_____
The Honorable Gonzalo P. Curiel
U.S. District Judge

6/3/24
Date