PROB 12C
(06/17)

November 4, 2024
pacts id: 2567563

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Octavio Gutierrez (Spanish)     **Dkt. No.:** 21CR02648-001-GPC

**Reg. No.:** 57037-298

**Name of Sentencing Judicial Officer:** The Honorable Gonzalo P. Curiel, U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine, a Class C felony.

**Date of Revocation Sentence:** July 1, 2024

**Sentence:** One month custody; 8 months' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** July 11, 2024

**Asst. U.S. Atty.:** Eric R. Olah     **Defense Counsel:** Nathan M. Feneis, Fed. Def's, Inc. (619) 234-8467

**Prior Violation History:** Yes. See prior court correspondence.

---

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following conditions of supervision:

| CONDITIONS | ALLEGATIONS OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court.<br><br>**(Standard Condition)**<br>The defendant must follow the instructions of the probation officer related to the conditions of supervision. | 1. On August 30, 2024, Mr. Gutierrez failed to comply with drug testing requirements as instructed by the probation officer, in that he failed to submit a urine specimen for drug analysis at the U.S. Probation Office, as required.<br><br>2. On or about October 15, 2024, Mr. Gutierrez used a controlled substance, methamphetamine, as evidenced by his signed admission to the probation officer on October 24, 2024.<br><br>3. On or about October 22, 2024, Mr. Gutierrez used methamphetamine, as evidenced by his admission to his probation officer on October 24, 2024. |

*Grounds for Revocation:* As to allegation 1, I have received and reviewed the Chain of Custody for Drug Analysis form which confirms that on the above date, Mr. Gutierrez failed to submit a urine sample for drug testing, as required. On July 17, 2024, the probation officer reviewed written instructions for drug testing with Mr. Gutierrez, and he acknowledged receipt of the instructions with his signature. Specifically, Mr. Gutierrez was instructed to call the drug testing line after 8:15PM before each testing day, and report for testing when instructed to do so by the automated recording. Testing days are Monday through Friday.

As to allegation 2, Mr. Gutierrez reported to the U.S. Probation Office on October 15, 2024, and submitted a urine sample which screened positive for amphetamines. When informed of the positive screen on October 24, 2024, Mr. Gutierrez admitted to using methamphetamine on or about October 15, 2024.

As to allegation 3, Mr. Gutierrez reported to the U.S. Probation Office on October 24, 2024, and admitted using methamphetamine, which he knew was a prohibited substance, on October 22, 2024.

| | |
|---|---|
| **(Special Condition)**<br>Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of 8 months (punitive). | 4. On or about March 8, 2024, Mr. Limon-Ramos failed to reside at the RRC as instructed by the probation officer. |

*Grounds for Revocation:* As to allegation 4, on October 22, 2024, the undersigned received information from Jennifer Aguilar, RRC Case Manager, who advised Mr. Gutierrez was terminated from the RRC because of a positive urinalysis test for amphetamines, which confirmed positive for methamphetamines.

| | |
|---|---|
| **(Special Condition)**<br>Not enter or reside in the Republic of Mexico without permission of the court or probation officer, and comply with both United States and Mexican immigration laws. | 5. On or about October 22, and 30, 2024, Mr. Gutierrez traveled to the Republic of Mexico without permission of the probation officer. |

***Grounds for Revocation:*** As to allegation 5, Mr. Gutierrez admitted to having traveled to Mexico without permission from the probation officer.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Following his release from custody, Mr. Gutierrez reported to the probation office and was issued reporting instructions to commence his RRC term. Mr. Gutierrez subsequently reported to the RRC on July 17, 2024.

While at the RRC, Mr. Gutierrez was attending to his medical appointments as directed, reported to testing and appeared to be in general compliance. However, three months into his term of supervised release, he tested positive for methamphetamine, resulting in the termination of his RRC punitive placement. When confronted as to his relapse, Mr. Gutierrez claimed he started feeling anxious. He was admonished as to his noncompliance and advised of the consequences. Additionally, Mr. Gutierrez was denied travel to Mexico due to issues of noncompliance coupled with the antisocial peer associations in the Mexico area increasing his risk factors. Despite denying travel Mr. Gutierrez traveled without permission as alleged herein. Overall, his supervision adjustment can best be described as poor.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Gutierrez is a 33-year-old Hispanic male, who was last residing in El Centro, California. During his term of supervised release, Mr. Gutierrez remained unemployed because his goal was to focus on his medical treatment needs. He has two prior law enforcement contacts, one for alien smuggling, in which charges were dismissed, and the second for driving without a license.

Mr. Gutierrez substance abuse history includes methamphetamine and marijuana abuse. Mr. Gutierrez abused prescription Clonazepam at the age of 27. Mr. Gutierrez denied any prior mental health issues.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (failure to test, drug use, RRC termination, and travel to Mexico without permission) constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

## JUSTIFICATION FOR BENCH WARRANT

As a result of Mr. Gutierrez's continued noncompliance, his ties to Mexico and proximity to the U.S./Mexico International Border, he poses a flight risk. Additionally, his substance abuse makes him a danger to himself and others. Therefore, the issuance of a bench warrant for his arrest appears appropriate and is recommended.

## RECOMMENDATION/JUSTIFICATION

Despite the opportunity granted at the time of sentencing, Mr. Gutierrez failed to demonstrate a willingness or desire to change. Based on his continued non-compliance as alleged herein, it is apparent that he is unwilling to change his behavior.

Unfortunately, regardless of the opportunities, he again breached the court's trust and failed to grasp the seriousness of his non-compliant behavior. Therefore, should Mr. Gutierrez be found in violation as alleged, it is respectfully recommended his supervision be revoked and he be sentenced to 5 months' custody with no supervision to follow as it appears he is not amenable to change.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: November 4, 2024**

Respectfully submitted:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by *[signature]*
Amanda Behl
U.S. Probation Officer
(760) 339-4203

Reviewed and approved:

*[signature]*
Dawn Edwards
Supervisory U.S. Probation Officer

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Gutierrez, Octavio

2. **Docket No. (Year-Sequence-Defendant No.):** 21CR02648-001-GPC

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Failure to test | C |
| Drug use | C |
| RRC termination | C |
| Travel to Mexico without permission | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))         [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))               [ I ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))         [ 3 to 9 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | | Community Confinement | |
| Fine($) | | Home Detention | |
| Other | | Intermittent Confinement | |

**THE COURT ORDERS:**

__✓__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____     11/5/24
The Honorable Gonzalo P. Curiel                 Date
U.S. District Judge