# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Octavio Gutierrez (Spanish)      **Dkt. No.:** 21CR02648-001-GPC

**Reg. No.:** 57037-298

**Name of Sentencing Judicial Officer:** The Honorable Gonzalo P. Curiel, U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine, a Class C felony.

**Date of Revocation Sentence:** December 13, 2021

**Sentence:** Time served (33 days' custody); 6 months' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release      **Date Supervision Commenced:** December 9, 2024

**Asst. U.S. Atty.:** Eric R. Olah      **Defense Counsel:** Nathan M. Feneis, Fed. Def's. Inc.
(619) 234-8467

**Prior Violation History:** Yes. See prior court correspondence.

---

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following conditions of supervision:

| CONDITIONS | ALLEGATIONS OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. On December 16, 19, 26, 2024, and January 3, 17, and 22, 2025, Mr. Gutierrez failed to comply with drug testing requirements as instructed by the probation officer, in that he failed to submit a urine specimen for drug analysis at the U.S. Probation Office, as required. |
| **(Standard Condition)**<br>The defendant must follow the instructions of the probation officer related to the conditions of supervision. | 2. Mr. Gutierrez failed to comply with drug testing requirements in that he failed to call the automated drug testing recording, as instructed, from January 15, through February 13, 2024. |

***Grounds for Revocation:*** As to allegation 1 and 2, I have received and reviewed the Chain of Custody for Drug Analysis forms which confirms that on the above dates, Mr. Gutierrez failed to submit urine samples for drug testing, as required. On December 11, 2024, the probation officer reviewed written instructions for drug testing with Mr. Gutierrez, and he acknowledged receipt of the instructions with his signature. Specifically, Mr. Gutierrez was instructed to call the drug testing line after 8:15PM before each testing day, and report for testing when instructed to do so by the automated recording. Testing days are Monday through Friday.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Following his release from custody, Mr. Gutierrez reported to the probation office for further supervision instructions. The undersigned specifically stressed the importance of his participation in outpatient substance abuse treatment. He was subsequently referred to Behavioral Health Services, Inc., an outpatient substance abuse treatment program.

Unfortunately, Mr. Gutierrez's noncompliance commenced immediately not allotting probation the opportunity to work with him. The undersigned made numerous attempts to get him back into compliance; however, Mr. Gutierrez was unresponsive. Overall, his supervision adjustment can best be described as poor.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Gutierrez is a 34-year-old Hispanic male, who was last residing in El Centro, California. During his term of supervised release, Mr. Gutierrez remained unemployed because his goal was to focus on his medical treatment needs. He has two prior law enforcement contacts, one for alien smuggling, in which charges were dismissed, and the second for driving without a license.

Mr. Gutierrez substance abuse history includes methamphetamine and marijuana abuse. Mr. Gutierrez abused prescription Clonazepam at the age of 27. Mr. Gutierrez denied any prior mental health issues.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegation (failure to test) constitutes a Grade C violation. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

## JUSTIFICATION FOR BENCH WARRANT

As a result of Mr. Gutierrez's continued noncompliance, coupled with apparent abscond status. The issuance of a bench warrant for his arrest appears appropriate and is recommended.

## RECOMMENDATION/JUSTIFICATION

This is Mr. Gutierrez' third violation for similar noncompliance before Your Honor. The Court granted Mr. Gutierrez significant opportunities on previous occasions empathizing with his medical needs. Unfortunately, it is evident Mr. Gutierrez has no desire to get into compliance and has demonstrated he is not amenable to supervision. Despite the opportunities granted at the time of sentencing, Mr. Gutierrez's noncompliance commenced immediately upon release from custody. Based on his continued non-compliance as alleged herein, it is apparent that he is unwilling to change his behavior. At this juncture it is unclear whether he is tending to his medical needs per his previous claims.

Unfortunately, regardless of the opportunities, he again breached the Court's trust and failed to grasp the seriousness of his non-compliant behavior. Therefore, should Mr. Gutierrez be found in violation as alleged, it is respectfully recommended his supervision be revoked and he be sentenced to 9 months' custody with no supervision to follow as it appears he is not amenable to change.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: February 18, 2025

Respectfully submitted:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by *Amanda Behl*
Amanda Behl
U.S. Probation Officer
(760) 339-4203

Reviewed and approved:

*Dawn M. Edwards*
Dawn M. Edwards
Supervisory U.S. Probation Officer

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Gutierrez, Octavio

2. **Docket No. (Year-Sequence-Defendant No.):** 21CR02648-001-GPC

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Failure to test | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))  [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))  [ I ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))  [ 3 to 9 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | _____ | Community Confinement | _____ |
| Fine ($) | _____ | Home Detention | _____ |
| Other | _____ | Intermittent Confinement | _____ |

**THE COURT ORDERS:**

☑ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

☐ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

☐ Other _____

_____
The Honorable Gonzalo P. Curiel
U.S. District Judge

2/20/25
Date